IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA COMPERRY BARGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-01848 |
| | ) | Judge Aleta A. Trauger |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Plaintiff Cynthia Barger seeks judicial review, under 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434.

On May 2, 2017, the magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 19), recommending that the plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 13) be denied and that the SSA's decision be affirmed. The plaintiff has filed timely Objections (Doc. No. 20), to which the defendant has responded (Doc. No. 21). For the reasons discussed herein, the court will reject the R&R, grant the plaintiff's Motion (Doc. No. 13), reverse the SSA's decision, and remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum.

I.    PROCEDURAL BACKGROUND

The plaintiff filed her application for DIB on March 18, 2013, claiming that she has been

disabled since March 9, 2013. (Administrative Record ("AR") 66–67,[1] Doc. No. 11.) Her application alleges that she is disabled due to the residual effects of a stroke in 2001, including limited use of her right side, weakness in gripping and carrying with right hand, and unsteadiness on her feet, as well as problems rising from sitting, high blood pressure, and depression. (AR 66.)

The SSA denied the application initially and upon reconsideration. (AR 66–77, 92–95, 78–91, 96–99.) The plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), which was conducted on January 7, 2015. (AR 25–65, 104–05.) The plaintiff and a vocational expert appeared and testified at the hearing.

The ALJ issued a decision unfavorable to the plaintiff on April 9, 2015, finding that the plaintiff was not disabled within the meaning of the Social Security Act and Regulations. (AR 9.) The ALJ made the following specific findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since March 9, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*). . . .
>
> 3. The claimant has the following severe impairments: hypertension, degenerative joint disease of the left hip, degenerative disc disease of the lumbar spine, residual effects from stroke in the hands, and adjustment disorder (20 CFR 404.1520(c)). . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can lift and/or carry 30 pounds occasionally. She can stand and walk for at least 1 hour at a time and for at least 6 hours in an

---

[1] Page number references to the administrative record are consistent with the Bates stamp number at the lower right corner of each page.

8-hour workday. The claimant can push, pull, and grasp objects with both hands for at least 1 hour at a time and for at least 6 hours in an 8-hour workday. The claimant requires the use of a cane to ambulate. She can maintain concentration, pace, and persistence for 2 hours at a time during an 8-hour workday. . . .

6. The claimant is capable of performing past relevant work as a Bookkeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). . . .

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 9, 2013, through the date of this decision (20 CFR 404.1520(f)).

(AR 14–21).

The Appeals Council declined review of the case (AR 1–4), thus rendering the ALJ's decision the "final decision" of the Commissioner.

The plaintiff, through counsel, filed her Complaint initiating this action on July 15, 2016. (Doc. No. 1.) The SSA filed a timely Answer (Doc. No. 10), denying liability, and a complete copy of the Administrative Record (Doc. No. 11). On October 19, 2016, the plaintiff filed her Motion for Judgment on the Administrative Record and supporting Brief (Doc. Nos. 13 & 14), requesting reversal of the SSA's decision or, in the alternative, remand pursuant to sentence four of 42 U.S.C. § 405(g). The SSA filed its Response in Opposition to the Motion (Doc. No. 15), and the plaintiff filed a Reply (Doc. No. 16). On May 2, 2017, the magistrate judge issued his R&R (Doc. No. 19), recommending that the plaintiff's motion be denied and that the SSA's decision be affirmed.

The plaintiff, filed a timely Objection to the R&R (Doc. No. 20); the SSA has filed a Response in Opposition to the Objection (Doc. No. 21).

## II.    STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C. §

636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; a general objection to the R&R is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In Social Security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. § 405(h). The court's review of an ALJ's decision is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted).

## III.   OBJECTIONS

In her Objections, the plaintiff argues that:

1. The ALJ should have afforded controlling weight to the opinion evidence from the plaintiff's treating physician and failed to adequately explain her reason for discounting the treating physician's opinion, and the magistrate judge erred in supplying *post hoc* reasons for her failure to do so.

2. Substantial evidence does not support the ALJ's credibility finding, and the magistrate judge erred in supplying *post hoc* reasoning to support the ALJ's decision.

3. Substantial evidence does not support the ALJ's evaluation of the vocational expert's testimony.

As set forth below, the court finds that the ALJ failed to adequately explain her reasons for not according controlling weight to the treating physician's opinion. Remand is required on that basis, and the court has no need to consider the plaintiff's other claims for relief.

## IV. ANALYSIS

"The Commissioner has elected to impose certain standards on the treatment of medical source evidence." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)). Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c). Generally, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), *id.* § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"), *id.* § 404.1502, 404.1527(c)(2). In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996), *quoted in Gayheart*, 710 F. 3d at 375.

Further, treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the ALJ finds, based on these criteria, that a treating-source opinion is not entitled to controlling weight, then the ALJ must

weigh the opinion based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)–(6). Even if the treating physician's opinion is not given controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Social Sec.*, 486 F.3d 234, 242 (6th Cir. 2007)).

If the treating source's opinion is not given controlling weight, the ALJ must give "good reasons" for discounting the weight given. 20 C.F.R. § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Because the reason-giving requirement exists to "ensur[e] that each denied claimant receives fair process," the Sixth Circuit has repeatedly held that an ALJ's "failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

In this case, the ALJ assessed the treating physician's opinion as follows:

In November 2013, Lance Sherley, D.O., completed a medical source statement regarding the claimant's physical condition. Dr. Sherley indicated that the

claimant has had residual effects from her stroke, including dizziness, difficulty with translating thought into muscular action, and difficulty ambulating. He also reported that the claimant has weakness in both her right upper and lower extremities and that she was limited in completed [sic] straightforward activities of daily living. Dr. Sherley opined that the residual effects of the claimant's stroke affect her ability to do work on a regular basis and her activities of daily living (7F). Dr. Sherley completed another medical source statement in June 2014, indicating that residual effects from the claimant's stroke resulted in poor fine motor skills. He also opined that the claimant could only stand for 10–15 minutes at a time and continuously walk for 30 minutes. Dr. Sherley opined that the claimant could lift, push, and pull only 10 pounds (8F/1). The undersigned gives these opinions some weight. While the undersigned concedes that the claimant has some limitation in motion, objective data in the record indicates that the claimant is capable of performing activities of daily living to some degree. Findings from Dr. Papillion's consultative examination demonstrate that the claimant has 5/5 strength bilaterally and a full range of motion in all extremities. (4F/3).

(AR 18.)

In her Motion for Judgment, the plaintiff argues that the ALJ (1) failed to determine, as required by *Gayheart* and *Wilson*, whether Dr. Sherley's opinion met the criteria for being accorded controlling weight and instead simply states that she gave it "some weight"; (2) failed to explain how much weight she gave the opinion; (3) improperly discounted Dr. Sherley's opinion simply because it conflicted with the findings of consulting physician Dr. Papillion, who examined the plaintiff on June 1, 2013 (*see* AR 312–14), without explaining why Dr. Papillion's opinion should be accorded greater weight than that of Dr. Sherley; (4) never explained what she meant by stating that the plaintiff can perform activities of daily living "to some degree"; and (5) "gives only the briefest, most cursory explanation for discounting the treating source opinion." (Doc. No. 14, at 8–9 (quoting AR 18).) In her Objections to the R&R, the plaintiff also takes issue with what she characterizes as the magistrate judge's "*post hoc*" rationalization of the ALJ's decision. (Doc. No. 20, at 2.)

The court agrees that the ALJ's assessment of Dr. Sherley's opinion is not adequately supported. First, while the ALJ acknowledged Dr. Sherley as a "medical source" and stated that

she was giving that opinion "some weight" (AR 18), she did not expressly recognize Dr. Sherley as a *treating* source or identify the factors that prompted her to accord his opinion less than controlling weight. Construed very generously, the ALJ's decision to accord the opinion "some weight," as opposed to "controlling weight," might have been based on a conclusion that Dr. Sherley's opinion was "inconsistent with the other substantial evidence in [the] case record," 20 C.F.R. § 404.1527(c)(2), which is supported by her references to Dr. Papillion's findings that "the claimant has 5/5 strength bilaterally and a full range of motion in all extremities." (AR 18.) However, to reach that conclusion, the court must first presume that the ALJ recognized Dr. Sherley as a treating source whose opinion should be accorded deference in accordance with the statute and regulations. The ALJ did not spell out her understanding of that fact or articulate the basis for according Dr. Sherley's opinion less than controlling weight.

Even if she had, the ALJ's obligation in considering Dr. Sherley's opinion extends to articulating "good reasons" for the amount of weight actually accorded that opinion. And the ALJ here did not take that step or, indeed, articulate *any* reason. She did not comment on the length of the treatment relationship between Dr. Sherley and the plaintiff, the frequency with which he did or did not see her, the nature or extent of the relationship, or Dr. Sherley's specialty or lack of specialization. Instead, the ALJ simply pointed to an inconsistency between Dr. Papillion's findings and Dr. Sherley's findings regarding the plaintiff's strength deficits, without explaining why she rejected Dr. Sherley's in favor of Dr. Papillion's. Simply pointing to a conflict in the medical findings, standing alone, does not explain why she elevated the opinion of Dr. Papillion, a consulting examiner, above that of Dr. Sherley, a treating source. *Accord Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) ("Moreover, we note that even when an ALJ correctly reaches a determination that a treating source's medical opinion is

inconsistent with the other substantial evidence in the record, such a determination 'means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected.'" (quoting *Blakley*, 581 F.3d at 408)).

In short, while there is clearly evidence in the record upon which the ALJ could have relied to support her decision, she does not cite to it in her discussion of the weight accorded Dr. Sherley's opinion. As a result, her "reasons" were not "sufficiently specific to make clear to any subsequent reviewers" the reason for the weight given that opinion. Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5. The court therefore rejects the magistrate judge's conclusion to the contrary.

The court also rejects the magistrate judge's determination that the ALJ's failure to give good reasons for the weight accorded Dr. Sherley's opinion constitutes harmless error or that remand in this case would be "an idle and useless formality." *Wilson*, 378 F.3d at 547. According to the Sixth Circuit, Section 404.1527(d)(2) "bestows a 'substantial right' on parties before the agency, . . . creating an important procedural safeguard for claimants for disability benefits." *Id.* at 547 (citations omitted). Further:

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. "[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory.

*Id.* at 546 (quoting *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n.41 (D.C. Cir. 1977) (other citations omitted).

The *Wilson* court acknowledged the possibility that a violation of § 1527(d)(2) might

result in harmless error, such as when (1) "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; (2) "the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion"; or (3) "the Commissioner has met the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Wilson*, 378 F.3d at 547. None of those situations applies here. Nor did the ALJ simply reject a treating source's "conclusory opinion that [the plaintiff] was disabled." *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 341 (6th Cir. 2008). Instead, she rejected Dr. Sherley's purportedly objective assessment of the plaintiff as having right-sided weakness, poor fine motor skills, poor balance, frequent falling, and other residual effects from her stroke in 2001. (*See* AR 321, 322–23, 324–333.)[2]

In sum, the court finds that remand is required for further proceedings addressing the amount of weight to be given the treating medical source's opinion and the reasons for whatever weight it is given.

In light of this conclusion, the court finds that it is not necessary, at this juncture, to address Barger's second and third arguments, because the ALJ's reconsideration of this matter on remand may impact the remainder of the sequential analysis, including the assessment of Barger's credibility and her residual functional capacity. In any event, regardless of whether her

---

[2] That part of Dr. Sherley's assessment which he describes as "obtained by patient history"—including that she cannot sit for more than about fifteen minutes at a time, stand for more than ten to fifteen minutes at a time, walk more than thirty minutes continuously, or lift more than about ten pounds—does not constitute medical opinion that is entitled to any degree of weight. *See Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007) (noting that, only if a treating source's observations are considered "medical opinions," does the ALJ have to give "good reasons" for rejecting them (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990) (holding that a doctor's report that merely repeats a patient's assertions about her level of pain and ability to sleep, stand, and walk is not objective medical evidence); 20 C.F.R. § 404.1529 (2006); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (holding that doctors' opinions are not due much weight when based solely on reports made by a patient that the ALJ found to be incredible)).

other assignments of error have merit, the result would be the same: remand for further proceedings rather than outright reversal and an award of benefits. *Accord Mays v. Comm'r of Soc. Sec.*, No. 1:14-cv-647, 2015 WL 4755203, at *13 (S.D. Ohio Aug. 11, 2015) (Report and Recommendation), *adopted*, 2015 WL 5162479 (S.D. Ohio Sept. 3, 2015); *Trent v. Astrue*, No. 1:09-cv-2680, 2011WL 841538, at *7 (N.D. Ohio Mar. 8, 2011).

## V.    CONCLUSION

For the reasons stated above, the plaintiff's Motion for Judgment on the Administrative Record (Docket No. 13) will be granted, and the case will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge